UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BOB D. BALLARD | CIVIL ACTION NO. 09-1557 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| XTO ENERGY INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court are defendants' motions to dismiss, doc's. #4 and 9 referred to me by the district judge.

This is a suit for breach of contract and for violations of Louisiana's unfair trade practices act and for fraudulent misrepresentation. Plaintiff seeks to invoke the doctrine of promissory estoppel as well.

Plaintiff is a mineral interest owner in Natchitoches Parish who asserts that he was defrauded by defendants in connection with the negotiations for lease of certain oil shale rich lands. A similar suit has been filed in this court by other mineral interest owners. See Birdwell et al v. XTO Energy Inc., et al. docket number 9-1564.

Plaintiff filed suit in state court which was removed by defendant XTO which then filed a motion to dismiss, doc. #4, to which plaintiff responded by amending his complaint. XTO and its co-defendant which, by that time, had been served, then filed a second motion to dismiss on the same grounds. See doc. #9.

<u>Law and Analysis</u>

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct.1955 (2007). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. <u>Drewett v. Aetna Cas. & Sur. Co.</u>, 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* <u>Decker v. Massey-Ferguson, Ltd.</u>, 681 F.2d 111 (2nd Cir. 1982); <u>Elliott v. State Farm Mut. Auto Ins. Co.</u>, 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. <u>Bell</u>, supra.

Defendants first claim that plaintiff, Ballard, has failed to state a case of breach of contract. They reason that this suit

concerns a mineral lease and a mineral lease has to be in writing; therefore, there can be no breach of contract. However, plaintiff's petition and amending complaint both clearly allege that the contract-an offer and an acceptance-was made by emails. If true, that would suffice to make the contract one in writing.[1]

Defendants also argue that plaintiff's complaint fails to state a claim for promissory estoppel. Defendants assert that the complaint simply states that "with no further explanation, that 'Plaintiff seeks to invoke Promissory Estoppel.'" Defendant goes on to complain that the petition does not state any of the three elements of the doctrine.

On the contrary, reading the petition and the amending complaint in their entirety and liberally, as I am required to do[2] , there is no doubt that plaintiff has stated facts to support his claim of promissory estoppel. While defendant argues that there was never an agreement of any kind, that is an issue of fact to be resolved in the case. Whether plaintiff can jprove the elements of promissory estoppel is not the issue now; only whether he has stated a claim.

Next, defendant argues that  plaintiff has failed to allege

---

[1] Whether such a contract would otherwise meet the requirements of the Louisiana Mineral Code as a mineral lease so as to entitle plaintiff to lease bonus payments is another question on which I express no opinion since the issue has not been raised by motion for summary judgment and evidence is not before the court sufficient to decide that issue.

[2] Plaintiff is a pro se plaintiff.

fraud with particularity as required by FRCP 9(b)and suggests that plaintiff is required to allege the "who, what, when and where" of his claims. Once again, however, I find that plaintiff has adequately alleged a claim for fraud. Reading the petition and the amending complaint in their entirety, it is quite clear to the court exactly how plaintiff claims the fraud was committed, when and by whom.

Finally, defendants argue that even if plaintiff has otherwise stated a claim for fraud, he cannot recover for fraud pursuant to the Louisiana Unfair Trade Practices Act, La. R. S. 41:1401, et seq. (LUTPA) because the act applies only to consumers and competitors of which plaintiff is neither. The court agrees. While plaintiff may still claim fraud, he may not avail himself of the provisions of LUTPA in this case because this dispute concerns a private contract, not a consumer or competitor as defined by the Act.

Defendant alternatively seeks an order that plaintiff provide a more definite statement, under FRCP 12(e). As shown above, I find that plaintiff has adequately stated claims in the complaint and that a further amendment would serve little purpose. While there are blanks to be filled in, that can be accomplished most efficiently by written discovery or by deposition.

Therefore, IT IS RECOMMENDED THAT the motions to dismiss, or alternatively for more definite statement, doc. #'s 4 and 9, be

DENIED, except that plaintiff's claim under LUTPA should be dismissed and, therefore, to that extent only, the motions should be GRANTED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 9th day of March, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE